## A94A1802. BROWN v. THE STATE.
(449 SE2d 538)

SMITH, Judge.

Tyrone Brown was convicted by a jury of two counts of armed robbery, one count of possession of a firearm by a convicted felon, and one count of possession of a firearm in the commission of a crime. His motion for new trial was denied, and he appeals.

1. In his first enumeration, Brown contends he should have been granted a new trial because the verdict was contrary to the evidence and strongly against the weight of the evidence. However, this court passes only on the sufficiency of the evidence, not its weight. *Sheats v. State,* 210 Ga. App. 622, 623 (2) (436 SE2d 796) (1993). Brown's argument essentially attacks the credibility of three witnesses to the crimes charged. Viewed to support the verdict, the testimony of these witnesses, as related in Brown's own statement of the facts, was clearly sufficient under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Brown enumerates separately five particularized instances of alleged ineffective assistance of counsel.

(a) Brown asserts that trial counsel erred in failing to object to the denial of his motion to suppress the eyewitness identifications of the robbery victims. We assume Brown is referring to the failure of his trial counsel to object at the time this evidence was presented at trial. "In the interest of brevity," Brown merely refers us "to the facts previously cited in Enumeration of Error I. to show that the trial court should have granted" his motion. This is no substitute for legal argument. Since we are presented with no basis for concluding that the trial court committed reversible error in ruling this evidence admissible in the first instance, we cannot say that trial counsel erred in failing to preserve the issue for review. See generally *Abreu v. State,* 206 Ga. App. 361, 362-363 (1) (425 SE2d 331) (1992).

(b) Brown claims his trial counsel failed to subpoena a witness who would have impeached the credibility of a former co-defendant who testified against Brown as part of a plea bargain. However, trial counsel testified at the new trial hearing that Brown never mentioned or made reference to the witness she supposedly failed to subpoena. Moreover, Brown does not claim that with reasonable diligence trial counsel would have discovered the existence of the witness and sub-

poenaed him to testify. Finally, Brown alleges at most a "possibility" that this witness's testimony might have resulted in his acquittal. The true test, however, is whether all of trial counsel's alleged errors combined are such that a reasonable *probability* exists that in the absence of such errors a more favorable verdict would have been reached. *Gross v. State*, 262 Ga. 232, 233-234 (1) (416 SE2d 284) (1992). This particular allegation of error adds little if any weight to Brown's ineffective assistance claim.

(c) During its case-in-chief, the State elicited from a police officer an improper comment on Brown's lawful exercise of his right to remain silent.[1] On motion for new trial, the court found that trial counsel waived the error by failing to timely object, but applying the analysis found in *Hill v. State*, 250 Ga. 277, 281-284 (4) (295 SE2d 518) (1982), the court reached the "inescapable conclusion" that the error waived was harmless. Brown does not challenge the court's conclusion regarding the magnitude of the error, nor does he challenge the well-reasoned, legally sound, and helpful analysis employed in the court's order denying his motion for new trial.

Of Brown's two remaining "enumerations" with respect to ineffective assistance, one was not argued before the trial court, and it is only the correctness of the trial court's determination that no new trial was warranted, based on the grounds and evidence presented, that is under review here; the other enumeration has been abandoned under Court of Appeals Rule 15 (c) (2).

Applying the standard of *Gross*, supra, we find no error in the trial court's denial of Brown's motion for new trial on any and all of the grounds asserted.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 14, 1994.

*William A. Dowell*, for appellant.

*Spencer Lawton, Jr., District Attorney, Larry Chisolm, Assistant District Attorney,* for appellee.

---

[1] "Q: Okay, after the Defendant was subsequently arrested on the warrant, did you have an opportunity to interview him?

"A: Yes, I did have an opportunity, and advised him of his rights and he refused to talk to me."