A06A0601. JEFFERSON v. THE STATE.
(630 SE2d 528)

MIKELL, Judge.

Bobby Ray Jefferson appeals pro se from the trial court's order denying his motion to vacate illegal sentence. See generally *Williams v. State,* 271 Ga. 686, 689 (1) (523 SE2d 857) (1999) (a direct appeal lies from the denial of a motion attacking a sentence on the grounds that the sentence is void). We affirm because Jefferson has failed to show that his sentence was improper.

A Bartow County grand jury indicted Jefferson for the crimes of aggravated assault (OCGA § 16-5-21 (a) (2)), armed robbery (OCGA § 16-8-41 (a)), possession of a firearm during the commission of a crime (OCGA § 16-11-106), and theft by taking (OCGA § 16-8-2). On August 14, 2000, following a guilty plea, the trial court sentenced Jefferson to life in custody for armed robbery, five years in custody for possession of a firearm during the commission of a crime, to run consecutively with the life sentence, and ten years in custody for theft by taking, to run concurrently with the life sentence.[1] On March 28, 2005, Jefferson filed a motion to vacate illegal sentence. The trial court subsequently denied the motion.

---

[1] The trial court merged aggravated assault into armed robbery for purposes of sentencing.

Jefferson claims that he was punished as a recidivist but that his enhanced punishment was improper because it was based on evidence of an "uncertified, non-final disposition" from the State of Louisiana. However, there is nothing in the record before us to substantiate Jefferson's claims that he was sentenced as a recidivist or that he received enhanced punishment based on a Louisiana "disposition."

> The burden is always on the appellant in asserting error to show it affirmatively by the record. This court will not consider factual assertions in the brief unsupported by the record. Neither will we assume error. Since this is a court for correction of errors of law, our decision must be made upon the record and not upon [appellate] briefs. . . . Where there is nothing in the record to support the contention of error, there is nothing presented to this court for review.

(Citations and punctuation omitted.) *Kellam v. State*, 271 Ga. App. 125, 126-127 (608 SE2d 729) (2004). Furthermore, "a trial court [is] authorized to sentence a defendant to life imprisonment for armed robbery, even when the defendant [is] not a recidivist." *Johnson v. State*, 274 Ga. App. 848, 849 (2) (619 SE2d 488) (2005). See OCGA § 16-8-41 (b) (authorizing "imprisonment for life" as punishment for conviction of armed robbery); *Worley v. State*, 265 Ga. 251, 253 (1) (454 SE2d 461) (1995). As Jefferson has failed to show any defect in his sentence, the trial court's order denying his motion to vacate illegal sentence must be affirmed.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 28, 2006 —
RECONSIDERATION DENIED APRIL 26, 2006 — 

Bobby R. Jefferson, *pro se.*
*T. Joseph Campbell, District Attorney*, for appellee.