COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Kelsey
Argued at Chesapeake, Virginia


PATRICK TROY ELEAZER

                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2807-06-1             CHIEF JUDGE WALTER S. FELTON, JR.
                                                   MARCH 18, 2008
COMMONWEALTH OF VIRGINIA



              FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                             Patricia L. West, Judge

              Michael F. Fasanaro, Jr. (Abrons, Fasanaro & Sceviour, P.L.L.C., on
              brief), for appellant.

              J. Robert Bryden, II, Assistant Attorney General (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


        Following a jury trial, Patrick Troy Eleazer ("appellant") was convicted of first-degree

murder of Alhamdou Ndong, robbery, and conspiracy to commit that robbery, in violation of

Code §§ 18.2-32, 18.2-58, and 18.2-22 respectively.[1]  The only issue on appeal is whether the

trial court erred in denying appellant's motion to suppress statements he made to police

admitting his complicity in the murder and robbery of Ndong.  For the reasons below, we affirm

appellant's convictions.

                                    I.  BACKGROUND

        "In reviewing the denial of a motion to suppress [statements to police] claiming a

violation of a person's [Miranda] rights, we consider the facts in the light most favorable to the

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant was fourteen years old at the time of the crime and tried as an adult in the
circuit court pursuant to Code § 16.1-269.1(B).

Commonwealth, the prevailing party at trial." Malbrough v. Commonwealth, 275 Va. 163, 168, 655 S.E.2d 1, 3 (2008). So viewed, the evidence established that on July 5, 2005, appellant, along with two accomplices, ages thirteen and fourteen respectively, robbed and murdered his uncle, Alhamdou Ndong.

Consistent with their plan, appellant, feigning an injured leg, lured Ndong into the laundry room of the apartment complex where Ndong resided. When Ndong entered the laundry room, appellant and his two accomplices robbed and killed him. They hid his body in a heavily wooded area near the apartment complex. They then took his car and abandoned it in the parking lot of another apartment complex. Ndong's body was discovered on July 15th, ten days after the murder.

A witness saw appellant driving Ndong's car on July 5th, the day Ndong's absence was first noticed. As a result, police arrested appellant on July 19th for possessing the stolen car owned by Ndong. Prior to questioning appellant, a police officer advised him of the Miranda rights, which he waived.[2] Police initially questioned appellant about his possession of Ndong's car, but later questioned him about Ndong's murder. Appellant admitted his complicity in the robbery and murder of Ndong, later signing a written statement as to his involvement.

Prior to trial, appellant filed a motion to suppress the statements he made during his questioning by police, contending that he did not make a knowing and intelligent waiver of his Miranda rights. He argued that, as a fourteen year old, he had no experience dealing with police, did not have the financial ability to retain an attorney, and did not fully understand the severity of the charges he faced or the Miranda warnings given to him by police. He also contended the

---

[2] No written waiver of rights was executed by appellant. However, there is no requirement that a Miranda waiver be in writing. Harrison v. Commonwealth, 244 Va. 576, 582, 423 S.E.2d 160, 163 (1992).

police improperly failed to inform him, while he was being questioned, that his mother and her boyfriend[3] had arrived at the police station and wanted to speak with him.

Appellant also argued at the suppression hearing that an attorney procured by his family "was denied access to [him], and [appellant] was not advised that counsel had communicated with the police." Additionally, appellant contended that prior to questioning him about Ndong's murder, the police were required to advise him of his Miranda rights specifically pertaining to Ndong's murder, arguing that, when he previously waived those rights, he had been told only that he was suspected of possessing Ndong's stolen car.

The trial court denied appellant's motion to suppress, specifically finding his statements to police related to Ndong's robbery and murder were made with full understanding of his Miranda rights, that the police were "meticulous" in explaining those rights to him, and that it was clear from his own testimony at the suppression hearing that when he waived his Miranda rights

> he understood and appreciated what his rights were, that he had a right to have an attorney, that he had a right to have his parents if he wanted to, [and] that . . . if he made incriminating statements, they could be used against him . . . .

Appellant timely appealed.

## II. ANALYSIS

Where an accused challenges the admissibility of pretrial inculpatory statements to police based on a Miranda violation, the Commonwealth bears the "burden of proving [appellant] voluntarily made a knowing and intelligent waiver of his constitutional privilege against self-incrimination and his right to counsel." Shell v. Commonwealth, 11 Va. App. 247, 251, 397 S.E.2d 673, 675 (1990) (citing Miranda v. Arizona, 384 U.S. 436, 475 (1966)). "[W]hether a

---

[3] Appellant's mother's long-term boyfriend had been appellant's primary "father figure" since his infancy.

waiver of Miranda rights was made knowingly and intelligently is a question of fact, and the trial

court's resolution of that question is entitled on appeal to a presumption of correctness."

Harrison v. Commonwealth, 244 Va. 576, 581, 423 S.E.2d 160, 163 (1992).[4]

> "[The trial court] evaluates the credibility of the witnesses,
> resolves any conflicts in the testimony, and weighs the evidence as
> a whole. The court must decide whether the defendant knowingly
> and intelligently relinquished and abandoned his rights. The
> court's determination is a question of fact based upon the totality
> of the circumstances. This factual finding will not be disturbed on
> appeal unless plainly wrong."

Id. (alteration in original) (quoting Watkins v. Commonwealth, 299 Va. 469, 477, 331 S.E.2d

422, 429-30 (1985)).

Appellant claims that his Miranda waiver was not "knowing and intelligent" because he

was fourteen years old at the time. In concluding that appellant's waiver was knowing and

intelligent, the trial court specifically noted it considered the totality of the circumstances

surrounding the waiver, including appellant's age. It found that the recitation to appellant of the

Miranda rights was "as meticulous as one could imagine" and that the evidence presented "put it

beyond question" that appellant understood those rights. The trial court also noted appellant's

attendance at a "Street Law" program, where he received age-appropriate instruction concerning

the Miranda rights.[5]

Appellant also argues that his ability to make a knowing and intelligent waiver of his

Miranda rights was undermined by the police during his questioning, because they withheld from

---

[4] The trial court announced its detailed factual findings after two days of evidentiary hearings. The transcript of that proceeding was timely filed and made part of the record on appeal. However, the transcripts of the earlier evidentiary hearings were not timely filed and were not made part of the record on appeal. Because the trial court's factual findings are entitled to a presumption of correctness, Harrison, 244 Va. at 581, 423 S.E.2d at 163, and no evidence in the record rebuts that presumption, we are bound by the trial court's factual findings.

[5] Appellant attended the "Street Law" program pursuant to a court order after he was found to have unlawfully possessed a BB gun on school property.

- 4 -

him information that his parents were present at the police station and asking to speak with him and that an attorney procured by his parents to represent him had called the police station. In the case of a juvenile, although "[t]he absence of a parent or counsel is 'a circumstance that weigh[s] against the admissibility of the confession,'" it is only one "factor to be considered in the totality of the circumstances when determining whether a waiver is knowing and intelligent." Grogg v. Commonwealth, 6 Va. App. 598, 613, 371 S.E.2d 549, 557 (1988) (quoting Miller v. Maryland, 577 F.2d 1158, 1159 (4th Cir. 1978)); see Jackson v. Commonwealth, 255 Va. 625, 638, 449 S.E.2d 538, 546 (1998) (citing Moran v. Burbine, 475 U.S. 412, 422 (1986)).

Here, the trial court found there was no evidence that appellant ever asked for his parents or an attorney when he was being questioned. Moreover, the trial court found there had been "no overt police misconduct or anything that could be described or has previously been described by an appellate court as misconduct" during the pretrial questioning of appellant.

In denying appellant's motion to suppress his pretrial statements, the trial court concluded that there was "no evidence . . . from which [it could] conclude that [appellant] did not understand the consequences of his [Miranda] waiver." The detailed factual findings made by the trial court "[are] entitled on appeal to a presumption of correctness." Harrison, 244 Va. at 581, 423 S.E.2d at 163.

Appellant also contends that once the police questioning him moved from his possession of Ndong's car to his murder, the police were required to advise him of his Miranda rights specifically pertaining to Ndong's murder. On brief, appellant cites no authority for this proposition. Pursuant to Rule 5A:20(e), an appellant's opening brief must contain "[t]he principles of law, the argument, and the authorities relating to each question presented." By failing to cite any authority in support of this argument in his opening brief, appellant failed to comply with the provisions of Rule 5A:20(e), and we will not consider this argument on appeal. See Buchanan v.

Buchanan, 14 Va. App. 53, 56, 415 S.E. 2d 237, 239 (1992) (holding that "statements unsupported by argument, authority, or citations to the record do not merit appellate consideration").[6]

We conclude from the record on appeal that appellant knowingly and intelligently waived his Miranda rights and that he did not withdraw that waiver prior to being questioned as to Ndong's murder. Accordingly, we find the trial court did not err in denying appellant's motion to suppress his statements to police admitting his complicity in the robbery and murder of Ndong.

For the foregoing reasons, we affirm appellant's convictions.

Affirmed.

---

[6] For authority contrary to appellant's assertion, see Colorado v. Spring, 479 U.S. 564 (1987); Shell, 11 Va. App. 247, 397 S.E.2d 673.