## A08A2414. BROWN v. THE STATE.
### (670 SE2d 867)

BLACKBURN, Presiding Judge.

Following his 1991 conviction for armed robbery, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony, Tyrone Brown (pro se) directly appeals the trial court's denial of his motion to correct a void sentence, which motion was filed more than 12 years after the remittitur upon this Court's affirmance of the trial court's judgment of conviction. We hold that since Brown's sentence fell within the range of allowable sentences for the charged crimes, his claim that the sentence was void is without merit. Accordingly, his motion to set aside that sentence was untimely, depriving this Court of jurisdiction in this direct appeal. For this reason, we must dismiss the appeal.

In 1991, following a jury trial, Brown was sentenced to two concurrent terms of life in prison on two counts of armed robbery, five years to be served concurrently on one count of possession of a firearm by a convicted felon, and five years to be served consecutively for possession of a firearm during the commission of a felony.[1] Brown appealed his conviction to this Court (without challenging his sentence), and in October 1994 we affirmed his conviction. See *Brown v. State*.[2] In April 2007, Brown filed a motion to correct his allegedly void sentence, which the trial court dismissed, giving rise to this appeal.

---

[1] It is undisputed that Brown had at least two prior felony convictions.

[2] *Brown v. State*, 214 Ga. App. 838 (449 SE2d 538) (1994).

On appeal, Brown contends that the sentencing court erred by improperly constraining its own discretion pursuant to the recidivist statute. See former OCGA § 17-10-7 (b) (1990); Ga. L. 1974, p. 355, § 5.[3] However, unless Brown can show that his sentence was void, i.e., not authorized by the law, he cannot invoke the trial court's jurisdiction to modify his sentence beyond the statutory time frame specified in OCGA § 17-10-1 (f):

> Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed.[4]

Upon the expiration of this period, "post-appeal pleadings filed in the sentencing court seeking sentence modification must set forth why the sentence is void, i.e., how it imposes punishment the law does not allow." *Jones v. State*, supra, 278 Ga. at 670.

Here, the sentence was imposed in 1991, and the remittitur was returned to the sentencing court in November 1994. Brown did not file his motion challenging the sentence until April 2006, so he was well beyond the sentencing court's statutory authority to correct or modify the sentence. Brown's motion was not filed in the term of court in which the sentence was entered, nor was it filed within a year of the date upon which the sentence was imposed, nor was it filed within 120 days of the trial court's receipt of the direct appeal remittitur from this Court. Therefore, because Brown was beyond the time allowed by OCGA § 17-10-1 (f), he had to set forth how the sentence imposed punishment the law did not allow. See *Jones v. State*, supra, 278 Ga. at 670; *Green v. State*[5] ("[a] trial court's jurisdiction to modify a sentence extends beyond [the] statutory limitation only when the sentence is void"); *Crumbley v. State*[6] ("[a] sentence is void if the court imposes punishment that the law does not allow").

The available punishment for armed robbery in May 1990 (when the robberies took place) included "imprisonment for life or . . .

---

[3] We apply the sentencing law in effect at the time the crime was committed. See *Searcy v. State*, 162 Ga. App. 695, 698 (2) (291 SE2d 557) (1982).

[4] As Brown filed his motion in 2007, we apply current law to that motion. See, e.g., *Jones v. State*, 278 Ga. 669, 670, n. 1 (604 SE2d 483) (2004).

[5] *Green v. State*, 273 Ga. App. 654, 655 (615 SE2d 818) (2005).

[6] *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991).

imprisonment for not less than five nor more than 20 years. . . ." Ga. L. 1985, p. 1037, § 1. See former OCGA § 16-8-41 (b) (1990); *Fleming v. State*[7] ("a crime is to be . . . punished according to the provisions of the law existing at the time of its commission"). As "a trial court [was] authorized to sentence a defendant to life imprisonment for armed robbery, even when the defendant [was] not a recidivist," Brown's sentence of imprisonment for life was within the punishment allowed by law, and the sentence was not void. (Punctuation omitted.) *Jefferson v. State*.[8] Further, the sentence was not void even if we assume the trial court improperly constrained its own discretion in applying the recidivist statute, because

> [a] court which misapprehends the law and therefore fails to properly exercise its discretion in sentencing commits a procedural error; since the procedural error does not void the resulting sentence, a dissatisfied defendant must challenge the sentence in a timely manner. Absent such a timely challenge, the only avenue for reviewing the sentence lies in a petition for writ of habeas corpus.

(Citations omitted.) *Reynolds v. State*.[9] See *Jones v. State*, supra, 278 Ga. at 670-671 ("[a]ssertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-§ 17-10-1 (f) sentence modification").

Therefore, because "the assertions contained in [Brown's] post-appeal, post-§ 17-10-1 (f) motion seeking sentence modification did not allege the sentences imposed were void, he is not entitled . . . to a direct appeal from the trial court's adverse ruling. Accordingly, the appeal is dismissed." *Jones v. State*, supra, 278 Ga. at 671. See *Reynolds v. State*, supra, 272 Ga. App. at 95 (3).

*Appeal dismissed. Miller and Ellington, JJ., concur.*

DECIDED DECEMBER 2, 2008.

Tyrone L. Brown, *pro se.*

---

[7] *Fleming v. State*, 271 Ga. 587, 590 (523 SE2d 315) (1999).

[8] *Jefferson v. State*, 279 Ga. App. 97, 98 (630 SE2d 528) (2006).

[9] *Reynolds v. State*, 272 Ga. App. 91, 95 (2) (611 SE2d 750) (2005).

*Spencer Lawton, Jr., District Attorney*, for appellee.