## A09A2165. JONES v. THE STATE.

(693 SE2d 499)

ADAMS, Judge.

Timothy Jones appeals from the denial of his motion to correct a void sentence.

In July 1999, Jones was convicted by a jury of possession of cocaine with intent to distribute, obstruction or hindering of a law enforcement officer and reckless driving. During sentencing, the fact that Jones was facing five additional felony cases was revealed. The trial court temporarily suspended the sentencing proceedings to give defense counsel and the prosecution an opportunity to discuss these charges to see if they could "get rid of those right now." Following plea negotiations, Jones entered a guilty plea on the charges that had just been tried and to charges of theft by taking a motor vehicle and removal of a vehicle identification number (VIN). Pursuant to the terms of the plea agreement, the State agreed to dead docket the remaining pending charges. As part of the plea negotiations, the State recommended that Jones be sentenced to thirty years to serve on the possession with intent to distribute count and twelve months to serve concurrently on the two misdemeanor counts. The State further recommended that Jones be sentenced to twenty years to serve on the theft by receiving charge and five years to serve on the removal of the VIN; both of those sentences were also to run concurrently. Additionally, the State recommended all the sentences were to run concurrently with any sentence Jones might receive on pending federal drug trafficking charges. The trial court accepted the State's recommendations and sentenced Jones accordingly.

Almost ten years later, Jones filed a motion to correct his sentence. In his motion, Jones contends he was wrongly sentenced as a recidivist, that the trial court erred in considering evidence of similar transactions, that the trial court erred by admitting certain other evidence at trial, that the trial court impermissibly partici-

320

pated in the plea negotiations, that the trial court erred by not setting aside the jury's verdict and that his trial counsel was ineffective. The trial court denied the motion, and Jones, pro se, timely filed this appeal.

First, we must consider our jurisdiction to entertain this appeal. Jones entered his guilty plea and was sentenced in August 1999. He did not file his motion to correct his sentence until May 2009. Thus, his motion was well outside the statutory time period during which a court may correct or reduce a sentence pursuant to OCGA § 17-10-1 (f).[1]

> Once this statutory period expires, a trial court may only modify a void sentence. A sentence is void if the court imposes a punishment that the law does not allow. To support a motion for sentence modification filed outside the statutory time period, therefore, a defendant must demonstrate that the sentence imposes punishment not allowed by law. Moreover, a direct appeal does not lie from the denial of such motion unless it raises a colorable claim that the sentence is, in fact, void. Allegations that merely challenge the sentencing procedure or question the fairness of a sentence do not implicate voidness and cannot form the basis for a direct appeal.

(Punctuation and footnotes omitted.) *Burg v. State*, 297 Ga. App. 118, 118-119 (676 SE2d 465) (2009).

In his motion to correct his sentence, Jones appears to acknowledge that his sentence was within the statutory range of permissible punishment at the time the offense was committed. *Brown v. State*, 295 Ga. App. 66, 67, n. 3 (670 SE2d 867) (2008) (in considering whether a sentence is void, we apply the sentencing law in effect at the time the crime was committed). His challenge to the sentence, as stated in his motion, was to the "process the trial court used in considering evidence of drug offense that was un prosecuted [sic] and other unrelated offenses as aggravation of punishment." But "[a]ssertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for . . . post-§ 17-10-1 (f) sentence modification." *Jones v. State*, 278 Ga. 669, 670-671 (604 SE2d 483) (2004). "Therefore, because the assertions

---

[1] Pursuant to that section, a sentencing court has the jurisdiction, power and authority to modify a sentence "[w]ithin one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later. . . ."

contained in [Jones'] post-§ 17-10-1 (f) motion seeking sentence modification did not allege the sentences imposed were void, he is not entitled . . . to a direct appeal from the trial court's adverse ruling." (Citations and punctuation omitted.) *Brown v. State*, 295 Ga. App. at 68. Further, Jones' reliance on *Papadoupalos v. State*, 249 Ga. App. 300 (548 SE2d 59) (2001), for authority that we can consider the propriety of the process used in imposing a recidivist sentence even if the sentence is not void is misplaced since it appears that case did not involve a post-appeal or post-§ 17-1-10 (f) challenge to the sentence. Id. at 301 (1).

Moreover, looking beyond the face of his motion, Jones has misstated the record by arguing that the trial court sentenced him as a recidivist and improperly considered similar transaction evidence in imposing sentence. Rather, the transcript shows that although the State initially sought recidivist treatment when the sentencing hearing first convened following Jones' conviction, the State's sentencing recommendation following the plea negotiations did not include a recidivist sentence. The trial court sentenced Jones according to the State's recommendation pursuant to the plea negotiations, and there is nothing in the transcript or the final written disposition to indicate that Jones was sentenced as a recidivist or that other offenses not part of the plea negotiations were considered in imposing sentence.

The remainder of Jones' contentions do not pertain to his sentence and thus also are not properly before us for review. Based on the foregoing, Jones' appeal is dismissed. E.g., *Jones v. State*, 278 Ga. at 669, 671; *Ward v. State*, 299 Ga. App. 63 (682 SE2d 128) (2009); *Burg v. State*, 297 Ga. App. at 120; *Brown v. State*, 295 Ga. App. at 68.

*Appeal dismissed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JANUARY 14, 2010 —
RECONSIDERATION DENIED APRIL 1, 2010 — 

Timothy D. Jones, *pro se.*

*Julia F. Slater, District Attorney, Elisha W. Jernigan, Jr., Kristy W. Dugan, Assistant District Attorneys*, for appellee.