# Court of Appeals
# of the State of Georgia

ATLANTA,__May 03, 2013_____

*The Court of Appeals hereby passes the following order:*

**A13A1338; A13A1339; A13A1340; A13A1341.  TYRONE L. BROWN v. THE STATE.**

Tyrone Brown was convicted of armed robbery and other crimes, and was sentenced to life imprisonment.  We affirmed his convictions on appeal.  See *Brown v. State*, 214 Ga. App. 838 (449 SE2d 538) (1994).  Brown subsequently filed a motion to correct his allegedly void sentence.  The trial court dismissed his motion, and we dismissed his appeal from that order.  See *Brown v. State*, 295 Ga. App. 66 (670 SE2d 867) (2008).  Brown then filed several more motions to correct or modify his allegedly void sentence, arguing, generally, that his sentence is void because he was improperly sentenced as a recidivist.  The trial court denied those motions, and Brown filed the instant appeals.[1]  As discussed below, we lack jurisdiction.

In each of these appeals, Brown seeks review of a trial court order denying his various motions to correct his allegedly void sentence.  But we have already determined that Brown's sentence is not void.  See id. ("As a trial court was authorized to sentence a defendant to life imprisonment for armed robbery, even when the defendant was not a recidivist, Brown's sentence of imprisonment for life

---

[1] In Case No. A13A1338, Brown seeks appellate review of the trial court's January 18, 2011 order denying his August 29, 2009 motion. In Case No. A13A1339, he seeks review of the trial court's April 18, 2011 order denying his March 30, 2011 motion. In Case No. A13A1340, he seeks review of the trial court's October 31, 2012 order denying his May 30, 2012 motion. In Case No. A13A1341, he purports to seek review of a May 2, 2011 order.  The record, however, does not include any such order.  Based on the other content of this notice of appeal, it seems to be a duplicate appeal from the trial court's April 18, 2011 order.

was within the punishment allowed by law, and the sentence was not void.") (Punctuation and citation omitted). In doing so, we rejected Brown's argument that the trial court improperly limited its discretion to sentences available under the recidivist statute, concluding that this was not a valid void-sentence claim. Id. Brown is not entitled to keep relitigating this issue, and in light of his earlier appeal, the instant appeals are now barred. See *Paradise v. State*, __ Ga. App. __ (Case No. A12A1892) (March 19, 2013).

Case No. A13A1340 is also untimely. The trial court entered its order on October 31, 2012, but Brown did not file his notice of appeal until December 21, 2012, which was 51 days later. See OCGA § 5-6-38 (a) (notice of appeal be filed within 30 days of entry of the order on appeal); *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997) ("The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.") (Citation omitted).

Accordingly, we lack jurisdiction to review these orders, and the appeals are hereby DISMISSED.



Court of Appeals of the State of Georgia
        Clerk's Office, Atlanta, 05/03/2013
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ , *Clerk.*