# Court of Appeals
# of the State of Georgia

ATLANTA,    July 23, 2015

*The Court of Appeals hereby passes the following order:*

**A15A2094.  DANNY T. CARROLL v. THE STATE.**

Danny Carroll appeals the trial court's denial of his motion to vacate void sentence.  We dismiss Carroll's appeal for lack of jurisdiction.

In April 2014, Carroll entered an *Alford*[1] plea to theft by shoplifting.  The trial court sentenced him as a recidivist, under OCGA § 17-10-7 (c), to three years' imprisonment, to be followed by seven years' probation.  In February 2015, Carroll filed a motion to vacate void sentence, in which he argued that his sentence is void because (i) the trial court required a period of uninterrupted incarceration as a condition of probation and (ii) he was not represented by counsel during one of the convictions that served as a predicate conviction for his recidivist sentence.  The trial court denied his motion, and this appeal followed.

"Motions to vacate a void sentence generally are limited to claims that—even assuming the existence and validity of the conviction for which the sentence was imposed—the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013); see also *Brown v. State*, 295 Ga. App. 66, 66 (670 SE2d 867) (2008) ("[S]ince Brown's sentence fell within the range of allowable sentences for the charged crimes, his claim that the sentence was void is without merit.").  Thus, when a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  A direct appeal may lie from an order denying a motion to vacate or correct

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LEd2d 162) (1970).

a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Carroll's first argument does not present a colorable void-sentence claim, as he merely challenges the logistics of his transfer from prison to a residential treatment center. See *Harper*, supra at 217 n.1; *Burg*, supra at 119; *Jones*, supra at 670.

In Carroll's second argument, he asserts that he was not represented by counsel during one of his predicate convictions. The existence and validity of three prior felony convictions are necessary predicates to the imposition of a recidivist sentence under OCGA § 17-10-7 (c). *von Thomas*, supra at 572 (2). A claim that such a prior conviction is invalid because the defendant was denied the assistance of counsel in connection with the conviction can be waived and therefore does not present a colorable claim that the later enhanced sentence is void. Id. at 573 (2), 575 (3).

Because Carroll has not raised a colorable claim that his sentence is void, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*_____07/23/2015_____
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*