# Court of Appeals
# of the State of Georgia

ATLANTA,    August 05, 2015

*The Court of Appeals hereby passes the following order:*

**A15A2098.  FERNANDO RAMIREZ NUNEZ v. THE STATE.**

Fernando Ramirez Nunez pled guilty to possession with intent to distribute methamphetamine in December 2013, and the trial court sentenced him to 15 years' imprisonment.  In April 2015, Nunez filed a motion to correct void sentence, which the trial court denied on May 7, 2015.  Nunez filed a notice of appeal on June 17, 2015.  We lack jurisdiction for two reasons.

First, a notice of appeal must be filed within 30 days after entry of the appealable order.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Because Nunez filed his notice of appeal 41 days after entry of the trial court's order, his appeal is untimely.

Second, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that—even assuming the existence and validity of the conviction for which the sentence was imposed—the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013); see also *Brown v. State*, 295 Ga. App. 66, 66 (670 SE2d 867) (2008) ("[S]ince Brown's sentence fell within the range of allowable sentences for the charged crimes, his claim that the sentence was void is without merit.").  Thus, when a sentence is within the statutory range of punishment,

it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Here, Nunez argues that he should not have been sentenced as a recidivist. He does not, however, contend that he received a sentence above the statutory maximum. See *von Thomas*, supra at 572 (2). Thus, Nunez does not raise a valid void-sentence claim.

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*_____08/05/2015_____
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*