# Court of Appeals
# of the State of Georgia

ATLANTA,    August 06, 2015    

*The Court of Appeals hereby passes the following order:*

**A15A2224.  ACTAVIOUS LANGSTON v. THE STATE.**

In 2009, a jury convicted Actavious Langston of armed robbery, possession of a firearm during the commission of a crime, and pointing a gun at another.  The trial court sentenced him to prison terms of 20 years on the armed robbery count, 5 consecutive years on the firearm possession count, and 12 concurrent months on the gun pointing count.  We affirmed the trial court's denial of his motion for a new trial in an unpublished opinion.  *Langston v. State*, Case No. A10A1300 (Sept. 21, 2010).  Langston later filed a motion to vacate a void sentence, which the trial court denied.  He then filed a notice of appeal to this Court.  We lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that—even assuming the existence and validity of the conviction for which the sentence was imposed—the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013); see also *Brown v. State*, 295 Ga. App. 66, 66 (670 SE2d 867) (2008) ("[S]ince Brown's sentence fell within the range of allowable sentences for the charged crimes, his claim that the sentence was void is without merit.").  Thus, when a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Langston argues that: (i) his arrest was illegal, as it was based on a warrant unsupported by probable cause; (ii) the State engaged in prosecutorial misconduct; and (iii) his trial counsel rendered various instances of ineffective assistance. He does not, however, contend that he received a sentence above the statutory maximum. Thus, Langston does not raise a valid void-sentence claim. See *von Thomas*, supra at 572 (2).

To the extent that Langston's motion could be construed as a motion to vacate or correct a void conviction, the Supreme Court has made it clear that such a motion is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*    08/06/2015
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*