# Court of Appeals
# of the State of Georgia

ATLANTA, __August 24, 2017__

*The Court of Appeals hereby passes the following order:*

**A18A0125. DONALD SMITH, JR. v. THE STATE.**

In June 2014, Donald Smith, Jr., entered a negotiated guilty plea to first-degree burglary, and the trial court sentenced him as a recidivist to eight years' imprisonment. The record contains no indication that Smith filed a direct appeal from his judgment of conviction.

In May 2016, Smith filed a "Petition to Correc[t] Sentence," in which he contended that the trial court lacked jurisdiction to sentence him as a recidivist because the State had submitted insufficient evidence of the required predicate convictions. The trial court dismissed Smith's petition, and he filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

A claim that the State failed to prove the existence of a prior conviction by admissible evidence may be waived and therefore does not present a colorable claim

that an ensuing enhanced sentence is void. *von Thomas v. State*, 293 Ga. 569, 572-573 (2) (748 SE2d 446) (2013). Moreover, even assuming that Smith was improperly sentenced as a recidivist, a trial court may sentence a defendant to up to 20 years' imprisonment for first-degree burglary regardless of whether the defendant is deemed a recidivist. See OCGA § 16-7-1 (b). Accordingly, Smith's eight-year sentence is not more severe than the law allows, and it is not void. See *Brown v. State*, 295 Ga. App. 66, 67-68 (670 SE2d 867) (2008).

Because Smith has not raised a colorable void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction. See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__08/24/2017_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*