# Court of Appeals
# of the State of Georgia

ATLANTA,  November 30, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0678.  SOLOMAN JACKSON v. THE STATE.**

In 2009, Soloman Jackson pleaded guilty to burglary. He was sentenced, pursuant to OCGA § 17-10-7 (c), to twenty years' imprisonment with thirteen and one-half to serve in prison, with no possibility of parole. Jackson did not file a direct appeal. In April 2016, Jackson filed a motion to correct a void sentence, arguing that the prior convictions used to establish his status as recidivist had already been "used up" in earlier proceedings for the same purpose, and thus, could not form the basis for establishing recidivism in the instant case. He also contended that the State failed to offer certified copies of his prior felony convictions. On June 7, 2016, the trial court denied Jackson's motion, and he filed a notice of appeal on June 17, 2016.[1] We, however, lack jurisdiction.

A direct appeal may lie from an order denying or dismissing a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A claim that the State failed to prove the existence of a prior conviction by admissible evidence may be waived and therefore does not present a colorable claim that an ensuing enhanced sentence is void. *von Thomas v. State*, 293 Ga. 569, 572-573 (2) (748 SE2d

---

[1] On October 13, 2006, Jackson filed an application for discretionary review from the trial court's June 7, 2016 order denying his motion to correct a void sentence. We dismissed his application as untimely. See Case No. A17D0137 (decided November 8, 2016).

446) (2013). Moreover, even assuming that Jackson was improperly sentenced as a recidivist, a trial court is authorized to sentence a defendant to up to twenty years' imprisonment for burglary regardless of whether the defendant is deemed a recidivist. See OCGA § 16-7-1. Accordingly, Jackson's twenty-year sentence is not more severe than the law allows, and it is not void. See *Brown v. State*, 295 Ga. App. 66, 67-68 (670 SE2d 867) (2008).

Because Jackson has not raised a valid void-sentence claim, he is not entitled to a direct appeal. Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  11/30/2017        *
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*