# Court of Appeals
# of the State of Georgia

ATLANTA,  February 21, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0983.  DON ROBERT FAIRCLOTH v. THE STATE.**

In 2011, a jury found Don Faircloth guilty of first-degree forgery, and the trial court sentenced him as a recidivist, under OCGA § 17-10-7 (c), to ten years in prison without the possibility of parole.  The following year, we dismissed Faircloth's pro se appeal from the dismissal of his pro se motion for a new trial on the ground that he was then represented by counsel and thus had no right to represent himself. *Faircloth v. State*, No. A12A2536 (Oct. 18, 2012).  Two years later, we dismissed as untimely Faircloth's application for discretionary appeal from his forgery conviction. *Faircloth v. State*, No. A15D0059 (Oct. 17, 2014).[1]

---

[1] Faircloth has been a frequent litigant before this Court in numerous other cases.  See Case Nos. A12A1284 (appeal from denial of motion to dismiss illegal sentence following 2007 forgery convictions, dismissed for failure to raise a colorable void-sentence claim on Mar. 14, 2012), A12A1283 (appeal from denial of motion to correct illegal sentence following 1990 forgery convictions, dismissed for failure to raise a colorable void-sentence claim on Mar. 21, 2012), A12A1712 (appeal from denial of motion to dismiss illegal sentence following 1999 conviction for cocaine possession, dismissed for failure to raise a colorable void-sentence claim on May 25, 2012), A12A1709 (appeal from denial of motion to withdraw guilty plea, dismissed for failure to prosecute on July 6, 2012), A13D0155 (application for discretionary appeal alleging malicious prosecution, dismissed for failure to identify an appealable trial court order on Dec. 31, 2012), A13A2389 (appeal from denial of motion for an out-of-time appeal from conviction for cocaine possession, affirmed on Jan. 15, 2014), A14A0599 (appeal from denial of motion to confer jurisdiction on federal court in prior forgery case, dismissed for failure to prosecute on Feb. 24, 2014), A13A1915 (appeal from denial of motion for an out-of-time appeal from prior forgery

In September 2017, Faircloth filed a "Motion for New Trial on Issue of Punishment," in which he contended that (i) he was improperly sentenced as a recidivist based on several prior convictions in which either he was not represented by counsel or his counsel rendered ineffective assistance; and (ii) the State violated his Fourth Amendment rights by failing to "introduce a valid arrest warrant." The trial court denied Faircloth's motion, which the court construed as an extraordinary motion for a new trial. Faircloth then filed this direct appeal. We lack jurisdiction.

Notwithstanding the title of Faircloth's motion and its construction by the trial court, Faircloth essentially sought to modify his sentence. See *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997) ("[P]leadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature . . . ."). Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed

convictions, affirmed on Mar. 13, 2014), A15A0320 (appeal from denial of successive motion for an out-of-time appeal from prior forgery convictions, dismissed as barred by the law of the case on Oct. 17, 2014), A15A2193 (appeal from denial of another successive motion for an out-of-time appeal from prior forgery convictions, dismissed as barred by the law of the case on Aug. 10, 2015), A16A0725 (appeal from denial of second motion for an out-of-time appeal from cocaine possession conviction, dismissed as barred by the law of the case on Jan. 15, 2016), A16A0724 (appeal from denial of motion to vacate prior forgery convictions, dismissed on Jan. 29, 2016), and A17D0502 (application for discretionary appeal from dismissal of request to file a petition for a writ of mandamus as a pauper, denied on July 12, 2017).

outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

The existence and validity of three prior felony convictions are necessary predicates to the imposition of a recidivist sentence under OCGA § 17-10-7 (c). *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A claim that a prior conviction is invalid because the defendant was denied the assistance of counsel in connection with that conviction can be waived and therefore does not present a colorable claim that the later enhanced sentence is void. Id. at 573 (2). Moreover, even if Faircloth erroneously had been deemed a recidivist in this case, a trial court in 2011 could impose a sentence of up to ten years' imprisonment for first-degree forgery regardless of a defendant's recidivist status. See OCGA § 16-9-1 (b) (2011).[2] Accordingly, Faircloth's ten-year sentence is not more severe than the law allows, and it is not void. See *Brown v. State*, 295 Ga. App. 66, 67-68 (670 SE2d 867) (2008).

Faircloth's claim that the State failed to introduce a valid arrest warrant does not call into question the validity of his sentence and therefore does not state a valid void-sentence claim. See *von Thomas*, 293 Ga. at 572 (2) ("Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."); *Jones*, 278 Ga. at 670. To the extent that Faircloth sought to call into question the validity of his underlying conviction, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

---

[2] The maximum prison sentence for first-degree forgery was increased to 15 years in 2012. See Ga. L. 2012, pp. 899, 913, § 3-5.

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction. See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/21/2018*
*I certify that the above is a true extract from*
the minutes of the Court of Appeals of Georgia.
*Witness my signature and the seal of said court*
hereto affixed the day and year last above written.

_____ , *Clerk.*