# Court of Appeals
# of the State of Georgia

ATLANTA,  August 10, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0026.  CRAIG TOMLINSON v. THE STATE.**

In November 2013, Craig Tomlinson entered negotiated guilty pleas to several controlled substance offenses, including one count of trafficking in methamphetamine.  For that conviction, the trial court sentenced Tomlinson as a recidivist, under OCGA § 17-10-7 (c), to 15 years in prison, to be followed by 15 years on probation. The trial court's designation of Tomlinson as a recidivist under § 17-10-7 (c) means that he is not eligible for parole.  The record contains no indication that Tomlinson filed a direct appeal from his judgment of conviction.[1]

In December 2017, Tomlinson filed a motion to vacate a void sentence, arguing that his sentence for his conviction for trafficking in methamphetamine is void because the State failed to establish that he had three prior felony convictions, as is required to impose a sentence under § 17-10-7 (c).  The trial court denied Tomlinson's motion, and he filed this appeal.  We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).  Once this statutory period expires, a trial court may modify only a void sentence.  Id.  A sentence is void if the court imposes punishment that the law does not allow.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  When a sentence falls within the

---

[1] In 2015, we dismissed as untimely Tomlinson's appeal from the trial court's denial of his November 2014 motion to modify his sentence.  *Tomlinson v. State*, No. A15A2243 (Sept. 15, 2015).

statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f).  See id.  A direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void.  *Frazier*, 302 Ga. App. at 348.

The existence and validity of three prior felony convictions are necessary predicates to the imposition of a recidivist sentence under § 17-10-7 (c).  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Nevertheless, pretermitting whether Tomlinson was properly sentenced as a recidivist, a trial court in 2013 could impose a sentence of up to 30 years' imprisonment for trafficking in methamphetamine regardless of a defendant's recidivist status.  See OCGA § 16-13-31 (e), (h) (2013).  Accordingly, Tomlinson's 30-year total sentence is not more severe than the law allows, and it is not void.  See *Brown v. State*, 295 Ga. App. 66, 67-68 (670 SE2d 867) (2008).  Tomlinson therefore is not entitled to a direct appeal in this case.  See *Frazier*, 302 Ga. App. at 348; *Brown*, 295 Ga. App. at 67-68.  Consequently, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__08/10/2018_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____, *Clerk.*