# Court of Appeals
# of the State of Georgia

ATLANTA,  February 14, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1320. MELVIN PLEAS v. THE STATE.**

In 2001, Melvin Pleas pled guilty to highjacking a motor vehicle, armed robbery, possession of a firearm during the commission of a felony, fleeing or attempting to elude a police officer, and reckless driving. He subsequently filed a motion to vacate a void sentence, which the trial court denied.[1] Pleas filed this direct appeal.

A direct appeal may lie from an order denying a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

---

[1] In its order, the trial court noted that Pleas has filed multiple motions to vacate a void sentence, which have been denied. Pleas appealed a prior order denying a motion to vacate void sentence, which was dismissed as untimely. See Case No. A19A0131, dismissed Sept. 5, 2018. Under the law of the case rule, Pleas is barred from seeking further judicial review on this issue. See *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (law of the case rule bars successive void sentence appeals).

Pleas does not contend that his sentence fell outside the permissible range. Rather, he contends he was not adequately informed of his appellate rights and the nature of the charges against him. These contentions, which pertain to the procedure employed, do not constitute valid void sentence claims. See *Jones v. State*, 303 Ga. App. 319, 320 (693 SE2d 499) (2010). Pleas also argues that his convictions for highjacking and armed robbery merged as a matter of fact. Such a merger claim is a challenge to a conviction rather than a sentence. See *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010). And a motion to vacate a conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from an order denying such a motion must be dismissed. See id.; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Because Pleas has not raised a valid void sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* __02/14/2019__
 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*