# Court of Appeals
# of the State of Georgia

ATLANTA,__March 22, 2023_____

*The Court of Appeals hereby passes the following order:*

## A23A0770. RANDALL THOMAS BELCHER v. THE STATE.

In 2012, Randall Thomas Belcher was convicted of burglary (Count 2), criminal use of an article with altered identification mark (Count 5), and four counts of possession of a firearm by a convicted felon (Counts 6-9). The trial court sentenced Belcher as a recidivist to 20 years in incarceration.[1] In an unpublished opinion, we affirmed Belcher's convictions on appeal. See *Belcher v. State*, Case No. A13A2355 (decided Mar. 21, 2014). In August 2022, Belcher filed a motion to vacate void sentence, which the trial court denied. Belcher now appeals that order.[2] We lack jurisdiction.

In his motion, Belcher appears to have argued that his sentence was void because he was improperly sentenced as a recidivist pursuant to OCGA § 17-10-7 (c). Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its

---

[1] Belcher was sentenced to 15 years imprisonment for burglary (Count 2), a consecutive term of five years for one count of possession of a firearm by a conviction felon (Count 6), and concurrent sentences of five years for his remaining counts (Counts 5, 7-9).

[2] This appeal represents at least Belcher's third attempt to challenge his sentence. In 2017, Belcher filed a motion to set aside his sentence. The trial court denied that motion, and we dismissed Belcher's appeal for lack of jurisdiction. See Case No. A17A1186 (dismissed Mar. 15, 2017). In 2021, Belcher filed a motion to vacate his sentence. The trial court denied that motion, and we dismissed Belcher's untimely appeal for lack of jurisdiction. See Case No. A22A1191 (dismissed Apr. 28, 2022).

imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Belcher filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A direct appeal does not lie from the denial of a motion to vacate a void sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

The existence and validity of three prior felony convictions are necessary predicates to the imposition of a recidivist sentence under § 17-10-7 (c). *von Thomas*, 293 Ga. at 572 (2). Nevertheless, pretermitting whether Belcher was properly sentenced as a recidivist under OCGA § 17-10-7 (c), a trial court could impose a 20-year sentence for his convictions for burglary, criminal use of an article with altered identification mark, and four counts of possession of a firearm by a convicted felon. See OCGA § 16-7-1 (a) (2011) (the sentence upon a conviction for a first offense of burglary was not less than one nor more than 20 years); OCGA § 16-9-70 (the sentence upon conviction for a first time offense of possession of a firearm by a convicted felon was not less than one year nor more than 10 years); OCGA § 16-11-131 (b) (2011) (the sentence upon conviction for a first time offense of possession of a firearm by a convicted felon was not less than one year nor more than 10 years); see also *Brown*, 295 Ga. App. 66, 67 n. 3 (670 SE2d 867) (2008) ("We apply the sentencing law in effect at the time the crime was committed."). Accordingly, Belcher's 20-year total sentence is not more severe than the law allows,

and it is not void. See *Brown*, 295 Ga. App. at 67-68. Belcher therefore is not entitled to a direct appeal in this case. See *Frazier*, 302 Ga. App. at 348; *Brown*, 295 Ga. App. at 67-68. Consequently, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, ___03/22/2023___

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.