# Court of Appeals
# of the State of Georgia

ATLANTA, February 05, 2026

*The Court of Appeals hereby passes the following order:*

## A25A1836. WILLIAM CURTIS PHILLIPS v. THE STATE.

Following a jury trial, William Curtis Phillips was convicted of child molestation and aggravated sexual battery. The trial court imposed a total sentence of 25 years to serve plus lifetime probation, and we affirmed the denial of Phillips's motion for new trial.[*] See *Phillips v. State*, Case No. A16A1965 (Dec. 21, 2016). He subsequently filed a "Motion to Vacate and Withdraw Plea Agreement," arguing that his sentence was illegal and that he must be resentenced. The trial court denied the motion, and Phillips filed this direct appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1(f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence. Id. A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217(1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that

---

[*] The trial court initially sentenced Phillips to 25 years to serve. Less than a month later, the State filed a motion to correct sentence on the ground that such sentence had to be followed by probation for life. Before ruling on Phillips's motion for new trial, the trial court resentenced him to add the lifetime probation provision.

sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572(2) (748 SE2d 446) (2013).

In this case, Phillips has not raised a valid void-sentence claim. He appears to argue, first, that his sentence is void because it does not comport with OCGA § 16-6-22.2(c)'s requirement of a split sentence, but this argument is belied by the record. Phillips was sentenced to "25 years to serve and lifetime probation[,]" which clearly constitutes "a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life," as required by § 16-6-22.2(c). Phillips's related claim of ineffective assistance of counsel, based on counsel's advice to agree to this sentence, is likewise without merit.

Phillips also contends that the State did not provide proper notice of its intent to seek recidivist sentencing. This is not a valid void-sentence claim. See *Jones v. State*, 278 Ga. 669, 670-71 (604 SE2d 483) (2004) ("Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for a post-appeal, post [OCGA] § 17-10-1(f) sentence modification."); *Brown v. State*, 295 Ga. App. 66, 68 (670 SE2d 867) (2008) (sentence is not void if authorized by statute even if defendant was not a recidivist).

Because Phillips has not raised a colorable void-sentence claim, he is not entitled to a direct appeal, and this appeal is therefore DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/05/2026*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*