## S04A2012. JONES v. THE STATE.
### (604 SE2d 483)

BENHAM, Justice.

Appellant David Jones, Jr., appeals from the trial court's denial of his motion seeking to have the trial court vacate his allegedly void sentences imposed in 1987 and conduct a presentence hearing before resentencing him. Because we conclude appellant does not have the right to file a direct appeal from the trial court's action, we dismiss his appeal.

Jones was convicted of murder, armed robbery, and burglary of the victim's residence in 1987. He was sentenced to two consecutive life sentences for the murder and armed robbery convictions and received a consecutive 20-year sentence for the burglary conviction. His convictions were affirmed on appeal by this Court in *Jones v. State*, 258 Ga. 25 (365 SE2d 263) (1988). Nearly 16 years later, appellant filed his motion in the sentencing court alleging the sentences imposed for armed robbery and burglary were void because they had been imposed without a presentence hearing having been held. See OCGA § 17-10-2 (a). Appellant acknowledged the sentences imposed were within the statutory range of punishment, but contended the sentences were imposed in an illegal manner that deprived him of the opportunity to present evidence in mitigation of punishment which might have convinced the trial court to sentence appellant to lesser terms of confinement for the convictions. The trial court denied appellant's motion and this direct appeal followed.

"It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." (Citation and punctuation omitted.) *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). In *Williams v. State*, 271 Ga. 686 (1) (523 SE2d 857) (1999), we held a convicted defendant whose conviction had been affirmed on direct appeal could appeal directly a trial court's post-appeal order denying a motion to correct allegedly void sentences. We based our decision on judicial holdings that a trial court's jurisdiction to modify a sentence extends beyond its statutory limitation[1] only when the sentence is void. Id. at 689 (2).

"A sentence is void if the court imposes punishment that the law does not allow." *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). See also *Hartman v. State*, 266 Ga. 613 (5) (469 SE2d 163) (1996) (a concurrent sentence is void where a statute requires imposition of a consecutive sentence). When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f). Upon the expiration of the period provided in OCGA § 17-10-1 (f), post-appeal pleadings filed in the sentencing court seeking sentence modification must set forth why the sentence is void, i.e., how it imposes punishment the law does not allow. Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for

---

[1] A sentencing court has the jurisdiction, power and authority to modify a sentence "[w]ithin one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later. . . ." OCGA § 17-10-1 (f).

post-appeal, post-§ 17-10-1 (f) sentence modification. We take this opportunity to clarify that the direct appeal authorized by *Williams* is limited to that taken from a sentencing court's ruling on a pleading which asserts the sentence imposed punishment the law does not allow. Rulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void. Rather, a petition for writ of habeas corpus is the means for seeking sentence review for such allegations. See *Saleem v. Forrester*, 262 Ga. 693 (424 SE2d 623) (1993). See also *Collins v. State*, 277 Ga. 586 (591 SE2d 820) (2004), where we held a defendant whose conviction had been affirmed on direct appeal was not entitled to file a direct appeal from the denial of a post-conviction motion contending the judgment of conviction was voidable.

Inasmuch as the assertions contained in appellant's post-appeal, post-§ 17-10-1 (f) motion seeking sentence modification did not allege the sentences imposed were void, he is not entitled under *Williams* to a direct appeal from the trial court's adverse ruling. Accordingly, the appeal is dismissed.

*Appeal dismissed. All the Justices concur.*

DECIDED OCTOBER 25, 2004 —
RECONSIDERATION DENIED NOVEMBER 22, 2004.

David Jones, Jr., *pro se.*
*Daniel J. Craig, District Attorney*, for appellee.