# Court of Appeals
# of the State of Georgia

ATLANTA,  October 02, 2012

*The Court of Appeals hereby passes the following order:*

**A13A0078.  CHRISTOPHER C. BEARD, SR. v. THE STATE.**

On March 7, 2011, Christopher Beard, Sr. pled guilty to two counts of armed robbery.  More than a year later on March 9, 2012, Beard filed his "Motion to Vacate Void Sentence."  The trial court denied the motion, and Beard filed a notice of appeal.

Under OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009).  Once this statutory period expires, a trial court may modify a sentence only if it is void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  "A sentence is void if the court imposes punishment that the law does not allow."  (Punctuation omitted.)  Id. Therefore, in order to support a motion for sentence modification filed outside the statutory time period of OCGA § 17-10-1 (f), a defendant must demonstrate that the sentence imposes punishment not allowed by law.  *Frazier*, supra.  Beard has not done so.

Although Beard's motion was styled as one to vacate his sentence, in substance, he sought to challenge his convictions, arguing that they were rendered void because the state nolle prossed his firearm charges as result of his plea negotiations.  "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  Accordingly, Beard's appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 10/02/2012
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*