# Court of Appeals
# of the State of Georgia

ATLANTA,  October 19, 2012

*The Court of Appeals hereby passes the following order:*

**A13A0319.  DONALD FRANK HUG, II v. THE STATE.**

Donald Frank Hug, II was convicted of aggravated assault in 1991 and sentenced to 20 years' incarceration.  In 2010, he filed a "Motion to Correct Void Sentence," arguing that his sentence had been improperly enhanced by the erroneous introduction of an inflammatory psychiatric evaluation.  The trial court denied the motion, and Hug appeals.

The denial of a motion to set aside a void sentence may be directly appealed if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Williams v. State*, 271 Ga. 686, 689 (523 SE2d 857) (1999).  "A sentence is void if the court imposes punishment that the law does not allow." *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991).  Hug did not argue that his sentence exceeded the bounds allowable under the law, but that it was based upon evidence that should not have been introduced at the sentencing hearing.  "[A]ssertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an

imposed sentence do not allege a sentence is void . . ." (Citation omitted.) *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010); see also *Jones v. State*, 278 Ga. 669 (604 SE2d 483) (2004).

Because Hug did not raise a colorable void sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction. See *Jones*, supra.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 10/19/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*