# Court of Appeals
# of the State of Georgia

ATLANTA,  November 06, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0335.  ANTHONY CUNNINGHAM v. THE STATE.**

In 2007, Anthony Cunningham pled guilty to six counts of armed robbery and one count each of false imprisonment and kidnapping.  The trial court sentenced him to 20 years' imprisonment.  Cunningham did not file a direct appeal from his judgment of conviction.

In May 2015, Cunningham filed a "Motion to Vacate, Set Aside, or Correct Sentence," in which he complained of defects in his plea proceedings.  The trial court denied Cunningham's motion, and he filed this direct appeal.  We lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that—even assuming the existence and validity of the conviction for which the sentence was imposed—the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Thus, when a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper*, supra at 218 (1).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Cunningham does not argue that his sentence exceeded the legal limits; rather, he claims that his conviction and sentence are void because he did not orally plead guilty in open court to the charges for which he was indicted. Thus, Cunningham has not raised a valid void-sentence claim. See *von Thomas*, supra at 572 (2); *Jones*, 278 supra at 670. To the extent that Cunningham's motion could be construed seeking to vacate or modify his conviction, it likewise is subject to dismissal. See *Roberts*, supra at 532; *Harper*, supra at 218 (1) & (2). For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____11/06/2015_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*