# Court of Appeals
# of the State of Georgia

ATLANTA,  January 29, 2016

*The Court of Appeals hereby passes the following order:*

## A16D0231.  FARRIS GERALD SMITH v. THE STATE.

In 2005, Farris Gerald Smith was convicted of two counts of armed robbery, two counts of kidnapping, one count of aggravated assault, and one count of possession of a firearm during the commission of a crime.  His convictions were affirmed on appeal, but the case was remanded for re-sentencing on the kidnapping convictions.  See *Smith v. State*, 302 Ga. App. 222 (690 SE2d 867) (2010).  In 2015, Smith filed an application for discretionary appeal from the denial of his extraordinary motion for new trial, in which he challenged the sentences imposed after remand.  We denied his application on June 15, 2015.  See Case No. A15D0423. Since then, Smith filed a motion to vacate void sentence, which the trial court denied. Smith seeks review of the trial court's order in this application for discretionary appeal, but we lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Thus, when a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Williams does not argue that his sentence fell outside the permissible statutory

range; rather, he contends that the sentencing judge was biased against him. But this is not a valid void sentence claim. As the Supreme Court stated in *Jones v. State*, 278 Ga. 669, 671 (604 SE2d 483) (2004), post-appeal "[r]ulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void." See *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008). Because Smith has not raised a colorable void-sentence claim, this application for discretionary appeal is hereby DISMISSED for lack of jurisdiction. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010), supra.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____01/29/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*