# Court of Appeals
# of the State of Georgia

ATLANTA,  October 26, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0302.  VINCENT PETERSON v. THE STATE.**

In 1984, Vincent Peterson pled guilty to rape, kidnapping, burglary, aggravated assault, and armed robbery.  In 2016, he filed a "Motion to Vacate an Illegal and Void Sentence," arguing that his guilty plea had not been voluntary and that he had received ineffective assistance of counsel.  The trial court denied the motion, and Peterson appeals.  We lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Peterson's challenges to the voluntariness of his guilty plea and the effectiveness of his counsel were challenges to the validity of his convictions, not his sentence.  Because Peterson did not raise a colorable void-sentence claim, this appeal

is hereby DISMISSED for lack of jurisdiction.  See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*_____10/26/2016_____
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*