# Court of Appeals
# of the State of Georgia

ATLANTA,  April 03, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1356. DEWAYNE CARTER GIPSON v. THE STATE.**

In 2014, Dewayne Carter Gipson pled guilty to one count of child molestation, and the trial court sentenced him to 20 years with seven to serve. Two years later, Gipson filed a motion to vacate a void sentence. The trial court denied the motion, and Gipson filed this direct appeal.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Here, Gipson's 20-year sentence falls within the statutory range of punishment. See OCGA § 16-6-4 (b) (1) (sentence for child molestation is "not less than five nor more than 20 years").

In a novel legal argument, Gipson suggests that OCGA § 17-10-6.2 (b) mandates the trial court sentence him *only* to the five year minimum to serve with the

remainder of his sentence on probation.[1] Five years, however, is the mandatory minimum rather than the mandatory sentence. See OCGA § 16-6-4 (4); see also *New v. State*, 327 Ga. App. 87, 108 (5) (755 SE2d 568) (2014). Accordingly, Gipson has not raised a colorable argument that his sentence is void, and the trial court's denial of his motion is not subject to direct appeal. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). For this reason, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,__04/03/2017_____*
      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*_____Stephen E. Castlen_____ , Clerk.*

---

[1] OCGA § 17-10-6.2 (b) provides, in relevant part, that "any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense."