# Court of Appeals
# of the State of Georgia

ATLANTA,  October 26, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0409.  PAUL DANIEL v. THE STATE.**

In July 2013, Paul Daniel pleaded guilty to failure to register as a sex offender and was sentenced to 10 years, with the first year to be served in confinement and the remainder of the sentence to be served on probation.  In April 2017, Daniel filed a motion to modify his sentence, which the trial court denied.  Daniel then filed a timely notice of appeal.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.[1]  See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Daniel's sentence is within the range of punishment for failing to register as sex offender.  See OCGA § 42-1-12 (n) (not less than 1 nor more than 30 years).

---

[1] Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).  Once, as here, this statutory period expires, a trial court may modify only a void sentence.  Id.

In his motion, Daniel does not contend that his sentence is void because it exceeds the statutory range, but rather he unpersuasively argues that his sentence should be modified because it exceeds the sentence he received for the crime that imposed the sex offender registration condition.[2]  Because Daniel has not raised a colorable argument that his sentence is void, the trial court's denial of his motion is not subject to direct appeal.  Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   10/26/2017*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] Daniel was convicted of cruelty to children and was sentenced to 5 years, with 1 year to serve in confinement and the remainder on probation.