# Court of Appeals
# of the State of Georgia

ATLANTA, March 27, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1376. MICHAEL S. O'BERRY v. THE STATE.**

On April 1, 2016, Michael S. O'Berry pleaded guilty to aggravated stalking. He was sentenced to ten years, to serve three. O'Berry did not file a direct appeal from his conviction, but in October 2017, he filed a "Motion to Correct Void Sentence" and the following month, he filed a "Motion to Vacate Void Judgment." In both motions, O'Berry argued that he could not be convicted of aggravated stalking based on a single violation of a protective order. The trial court found that O'Berry's sentence fell within the statutory range and denied his motion to vacate a void sentence. O'Berry appealed.[1] We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, O'Berry does not contend that his sentence exceeds the most severe

---

[1] In his notice of appeal, O'Berry seeks to challenge the trial court's order denying his "Motion to Vacate Void Judgment," but it appears that the trial court has only disposed of the void-sentence motion.

punishment allowed. Indeed, his sentence falls within the statutory range of punishment. See OCGA § 16-5-91 (b) (providing that aggravated stalking is punishable by "imprisonment for not less than one nor more than ten years"). Rather, both of the motions he filed below sought to set aside or vacate his conviction. But as the Supreme Court has made clear, a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a motion should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Thus, O'Berry is not authorized to collaterally attack his conviction in this manner.

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  03/27/2018*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*