# Court of Appeals
# of the State of Georgia

ATLANTA,  July 18, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1825. IVAN COLBERT v. THE STATE.**

In 2009, Ivan Colbert was convicted of aggravated assault (Count two), possession of a firearm during the commission of a felony (Count three), and commission of a crime by a convicted felon through use of a firearm[1] (Count four). Colbert was found not guilty of armed robbery (Count one). Colbert was sentenced to 20 years to serve for Count two, five years to serve for Count three, and fifteen years to serve for Count four. We affirmed his convictions in an unpublished opinion. See *Colbert v. State*, Case No. A15A1537 (decided Oct. 7, 2015).

In 2017, Colbert filed a "Motion to Correct Void Sentence," arguing that his sentences for Count three and Count four are void and should be vacated because Colbert was found not guilty of a predicate felony required for those convictions. In January 2018, the trial court entered an amended judgment vacating his sentence for Count three but not Count four. Colbert filed a notice of appeal. We, however, lack jurisdiction.

The challenge to the validity of the underlying conviction is not a proper void sentence challenge. Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence only if the defendant

---

[1] The final disposition listed Colbert as having been convicted of possession of a firearm by a convicted felon, but this is an unchallenged scrivener's error.

raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Colbert does not argue that his sentence exceeds the most severe punishment allowed, and his sentence for Count four falls within the statutory range of punishment. See OCGA § 16-11-133 (b) (2008) (the commission of a crime by a convicted felon through use of a firearm is punishable by "confinement for a period of 15 years"). Rather, he sought in substance to set aside or vacate his conviction. But, a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a motion should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Thus, Colbert is not authorized to collaterally attack his conviction in this manner.

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  07/18/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*