# Court of Appeals
# of the State of Georgia

ATLANTA,  December 19, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0799. STEVEN S. OSTERMAN v. THE STATE.**

In 2011, Steven S. Osterman was charged with numerous offenses and he ultimately pleaded guilty to burglary and kidnapping. He was sentenced to 25 years to serve and life on probation and subject to numerous special conditions of probation pursuant to OCGA § 42-8-34.1. In 2017, Osterman filed a "void sentence motion," arguing that his sentence was void because he was required to register as a sex offender pursuant to OCGA § 42-1-12. The trial court denied his motion and he filed this appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. And a direct appeal may lie from an order denying a motion to vacate a void sentence where the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void. See id.

In his motion, Osterman does not contend that his sentence is void because it exceeds the statutory range. Rather, he asserts that it is void because he is subject to a registration requirement. His special condition of probation states that, *should he* be required to register as a sex offender, then he must do so in strict compliance with

OCGA § 42-1-12. But this condition is not a registration requirement, and Osterman has failed to show that he received a sentence in excess of the statutory range of punishment for his convictions.

Because Osterman has not raised a colorable claim that his sentence is void, the trial court's denial of his motion is not subject to direct appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __12/19/2018__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*