# Court of Appeals
# of the State of Georgia

ATLANTA,  December 20, 2018

*The Court of Appeals hereby passes the following order:*

## A19A0828. STACY B. BOHANNON v. THE STATE.

On August 4, 2016, Stacy B. Bohannon entered a guilty plea to home invasion and kidnapping.[1] In September 2018, Bohannon filed a motion to reduce/modify his sentence, arguing that he received ineffective assistance, that his sentence was unfair, and that he should have been charged with false imprisonment rather than kidnapping. The trial court denied the motion, and Bohannon filed this appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a sentencing court has the authority to modify a sentence within one year of the date upon which the sentence is imposed, or within 120 days after receipt of the remittitur upon affirmance of the judgment after direct appeal, whichever is later.  Beyond this time, a sentencing court may only modify a sentence that is void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A direct appeal may lie from an order denying a motion to vacate a void sentence where the defendant raises a colorable claim that the sentence is, in fact, void.  See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the

---

[1] A count for armed robbery was merged into the home invasion conviction, and the State entered an order of nolle prosequi with respect to a count for possession of a firearm by a convicted felon.

applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones*, supra at 670.

Here, Bohannon does not assert that his sentence was void. Although Bohannon contends he received ineffective assistance and that his sentence was unfair, these do not constitute valid void sentence claims. See *Jones*, supra at 670; *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002) (allegation of ineffective assistance of counsel was not colorable void sentence claim). Accordingly, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   12/20/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*