# Court of Appeals
# of the State of Georgia

ATLANTA, December 31, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0721. GERARDO GUERRERO-RICO v. THE STATE.**

In 2014, Gerardo Guerrero-Rico pled guilty to trafficking in methamphetamine, and the trial court imposed a sentence of 15 years in prison, to be followed by 5 years on probation. In 2016, we issued a decision affirming the trial court's rulings denying several post-conviction motions filed by Guerrero-Rico, and our remittitur was received by the trial court in June 2016. See *Guerrero-Rico v. State*, No. A16A1361 (June 9, 2016).

In July 2018, Guerrero-Rico filed a motion to correct an illegally imposed sentence, which the trial court denied. Guerrero-Rico then filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

In his motion to correct an illegally imposed sentence, Guerrero-Rico argued that his conviction is invalid due to improper venue. That contention, however,

which challenges the validity of his underlying conviction, does not state a colorable void-sentence claim. See *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). To the extent that Guerrero-Rico's motion could be construed as a motion to vacate his conviction, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction. See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   12/31/2018*
        *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*



_____ *, Clerk.*