# Court of Appeals
# of the State of Georgia

ATLANTA,  January 22, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1005.  RUFARO SMITH v. THE STATE.**

Rufaro Smith was convicted of armed robbery and other crimes, and we affirmed his convictions on appeal. *Smith v. State*, 337 Ga. App. XXIX (Case No. A19A0833, decided June 8, 2016). In 2018, Smith filed a "Motion to Vacate Sentence and Exercise Constitutional Right," which the trial court treated as a motion for sentence modification and denied. Smith now appeals.

An appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motion to vacate, Smith did not argue that his sentences exceeded the permissible statutory ranges. Instead, he claimed that he was the victim of police misconduct, his arrest was illegal, the grand jury proceedings were flawed, and the trial court lacked jurisdiction to sentence him. These are challenges to the validity of Smith's convictions, not his sentence. However, a motion to vacate a conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from an order denying such a motion must be dismissed.

See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). In the absence of a colorable void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* __01/22/2019__
      *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
      *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ *, Clerk.*