# Court of Appeals
# of the State of Georgia

ATLANTA,  March 01, 2019

*The Court of Appeals hereby passes the following order:*

## A19A1443.  JASON SMITH v. THE STATE.

Jason Smith entered a negotiated plea to two counts of sexual battery.[1] On March 19, 2013, the trial court sentenced him to a total term of ten years with the first four years to serve in confinement and the remainder on probation. There is no indication in the record that Smith filed a direct appeal. On September 22, 2014, Smith filed a "Motion for Modification," arguing that his time in confinement should be reduced from four years to two years based on family support and his conduct while in prison, including completing a sex offender educational program and participating in bible studies. On October 24, 2014, the trial court dismissed the motion, and Smith then filed this timely direct appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a sentencing court has the authority to modify a sentence within one year of the date upon which the sentence is imposed, or within 120 days after receipt of the remittitur upon affirmance of the judgment after direct appeal, whichever is later. When this statutory period expires, as the case here, a sentencing court may only modify a sentence that is void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A direct appeal may lie from an order denying a motion to vacate a void sentence where the defendant raises a colorable claim that the sentence is, in fact, void.  See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the

_____

[1] Smith pleaded guilty to one of the counts of sexual battery as a lesser included offense to enticing a minor for indecent purposes.

existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones*, 278 Ga. at 670.

Here, Smith does not assert that his sentence was void. Although Smith contends that he is entitled to a shorter period in confinement, this does not constitute a valid void sentence claim. See id. Accordingly, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__03/01/2019_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*