# Court of Appeals
# of the State of Georgia

ATLANTA,  July 17, 2020

*The Court of Appeals hereby passes the following order:*

**A20D0425.  CARLOS FIGUEROA MALDONADO v. THE STATE.**

In 2012, Carlos Figueroa Maldonado pleaded guilty to armed robbery, theft by taking, and theft by receiving. He was sentenced to a total of 30 years, to serve 15 in confinement and the remainder on probation.[1] In May 2020, Maldonado filed a motion to modify his sentence, requesting "release from custody due to immediate threat posed by Covid-19 pandemic." The trial court denied the motion, as well as Maldonado's subsequent motion for reconsideration. Maldonado now seeks discretionary review in this Court. The only materials that he has provided to support his application are the order denying his motion for reconsideration and a one-page application brief indicating his wish to appeal. We lack jurisdiction for two reasons.

First, an application for discretionary appeal must include "a copy of the order or judgment being appealed." OCGA § 5-6-35 (c); see also Court of Appeals Rule 31 (c). As noted, Maldonado has included only the order denying his motion for reconsideration. However, the denial of a motion for reconsideration is not appealable in its own right. See *State v. White*, 282 Ga. 859, 860 (1) (655 SE2d 575) (2008); see also *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000);*Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). Thus, we are without jurisdiction to review the only order before us.

Second, under OCGA § 17-10-1 (f), a court may modify a sentence during the

---

[1] In 2019, Maldonado filed an application for discretionary appeal from the trial court's denial of his motions for re-sentencing and to correct sentence. We dismissed the application as untimely. See Case No. A20D0135 (Nov. 12, 2019).

year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as it has here, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence is within the statutory range of punishment, it is not void. Id. at 670. Maldonado does not argue that his sentence falls outside the statutory range of punishment. Accordingly, even if he had included the order denying his motion to modify his sentence, we would lack jurisdiction to consider it in the absence of a colorable void sentence claim. See *Frazier*, 302 Ga. App. at 348-349.

For these reasons, this application is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
 Clerk's Office, Atlanta,  07/17/2020
 I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
 Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.