# Court of Appeals
# of the State of Georgia

ATLANTA,  July 30, 2020

*The Court of Appeals hereby passes the following order:*

## A21A0003. LUIS FERNANDO SANCHEZ v. THE STATE.

In 2017, Luis Sanchez entered negotiated guilty pleas to three counts each of armed robbery and aggravated assault and one count each of attempted armed robbery and possession of a knife or firearm during the commission of a felony. The trial court imposed a total sentence of eight years in prison, to be followed by twelve years on probation, which included a deviation below the mandatory minimum sentence of ten years in prison for the armed robbery convictions pursuant to OCGA § 17-10-6.1 (b) (1) and (e). The record contains no indication that Sanchez filed a direct appeal from his judgment of conviction.

In 2019, Sanchez filed a motion to correct a void sentence, in which he contended that: (i) pursuant to his plea agreement, the State did not place any limits on its consent to the imposition of a sentence below the mandatory minimum; (ii) his sentence "is presently not considered parolable"; and (iii) as a result, his sentence is void because "the record is silent as to any limit to the State's agreement as to" whether Sanchez is eligible for parole. The trial court denied Sanchez's motion, and he filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to

modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Sanchez is ineligible for parole pursuant to OCGA § 17-10-6.1 (f), which provides, in relevant part, that "[a]ny sentence imposed pursuant to [§ 17-10-6.1] shall not be reduced by any . . . form of pardon, parole, or commutation of sentence by the State Board of Pardons and Paroles." Because Sanchez's ineligibility for parole is mandated by statute, he has not raised a colorable claim that his sentence is void. See *Jones*, 278 Ga. at 670; see also generally *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). Consequently, a direct appeal does not lie from the trial court's denial of Sanchez's motion to correct his sentence. See *Frazier*, 302 Ga. App. at 348. As a result, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__07/30/2020_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.


_____, *Clerk.*