# Court of Appeals
# of the State of Georgia

ATLANTA,  September 04, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0071. JONATHAN ANDERSON v. THE STATE.**

Jonathan Anderson was convicted of enticing a child for indecent purposes, statutory rape, sexual battery, and three counts of child molestation. Following the denial of his motion for new trial, Anderson timely appealed. This Court vacated the judgment of the trial court and remanded the case for further proceedings on Anderson's claim of ineffective assistance of counsel. *Anderson v. State*, Case No. A15A2163 (decided March 22, 2016). Following a ruling on Anderson's ineffectiveness claim, the case was re-transmitted to this Court, and we affirmed Anderson's convictions. *Anderson v. State*, Case No. A17A0266 (decided Jan. 26, 2017). In November 2019, Anderson filed a pro se motion to vacate a void sentence, arguing that "extrajudicial collusion and conspiracy" in the form of secret proceedings held on the petition for writ of habeas corpus he filed prior to trial divested the trial court of jurisdiction and rendered his sentence void. The trial court denied the motion, and Anderson filed this direct appeal. We lack jurisdiction.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Therefore, when a sentence is within the statutory

range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Anderson's motion to vacate a void sentence does not argue that his sentence exceeded the maximum allowable punishment. Rather, his argument challenges his convictions. This does not constitute a valid void sentence claim. Id. The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Thus, Anderson is not authorized to collaterally attack his convictions in this manner. Because Anderson has not raised a colorable void sentence claim, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/04/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*