# Court of Appeals
# of the State of Georgia

ATLANTA,  January 17, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0629. SAMMIE DAVIS KING, JR. v. THE STATE.**

In 1997, Sammie Davis King, Jr., was indicted on one count of child molestation. The State filed a notice of intent to seek recidivist punishment and of intent to seek a life sentence, based on King's prior conviction for child molestation. After a jury trial, King was convicted of child molestation in 1998 and sentenced to life imprisonment. We affirmed his conviction on appeal. See Case No. A01A0744 (Mar. 15, 2001). In 2022, King filed a "motion to set aside a void judgment." The trial court entered an order denying the motion to the extent that it sought to correct a void sentence and dismissed the motion to the extent that it sought to set aside his conviction. King filed this direct appeal. We lack jurisdiction.

First, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Here, the trial court was permitted to sentence King to a life sentence because at the time of his conviction in 1998, a life sentence was permitted for a second chid molestation conviction. See OCGA § 16-6-4 (b) (1998).

Second, our Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Accordingly, because King has not raised a colorable void sentence claim and is not authorized to attack his conviction in this manner, this appeal is hereby DISMISSED. See id.; *Harper*, 286 Ga. at 218 (1) and (2).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  01/17/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*