# Court of Appeals
# of the State of Georgia

ATLANTA,  December 12, 2023

*The Court of Appeals hereby passes the following order:*

**A24A0603. MARK PUCKETT v. THE STATE.**

In October 2018, Mark Puckett entered a negotiated guilty plea to trafficking in methamphetamine, and the trial court sentenced him to 30 years, to serve 15 years in prison and the remainder on probation. In April 2023, Puckett filed a motion to modify his sentence, in which he argued that his probated sentence exceeded the maximum probated sentence allowed under Senate Bill 248. The trial court denied the motion, and Puckett appeals. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a trial court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Puckett filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow. Id. "Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A direct appeal does not lie from the denial of a motion to vacate a void sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Puckett has failed to raise a colorable claim that his sentence is void. Senate Bill 248, considered as a part of the 2021-2022 Legislative Session, would have limited probation periods to 60 months. See https://www.legis.ga.gov/legislation/60049 (visited Nov. 17, 2023). But Senate Bill 248 was never enacted. Id. Accordingly, it cannot serve as a basis for a void-sentence claim. Furthermore, trafficking in methamphetamine is punishable by a mandatory minimum of ten years in prison and up to thirty years in prison. OCGA § 16-13-31 (e), (h); see OCGA § 17-10-1 (a) (1) (A) (authorizing trial court judge to probate "any part" of defendant's sentence). Accordingly, Puckett's sentence of 30 years, to serve 15, is not void.

For these reasons, Puckett has failed to raise a colorable void-sentence claim, and this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __*12/12/2023*__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*