# Court of Appeals
# of the State of Georgia

ATLANTA, <u>December 29, 2023</u>

*The Court of Appeals hereby passes the following order:*

A24A0645. RICO WALKER v. THE STATE.

In 2016, Rico Walker pled guilty to incest and the trial court sentenced him to 30 years, with the first 15 to be served in prison and the remainder on probation. In January 2023, Walker filed a motion to vacate his sentence, arguing that it exceeded that allowed under OCGA § 17-10-6.2 (b).[1] The trial court denied the motion, and Walker appeals. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a trial court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Walker filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow. Id. "Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A direct appeal does not

---

[1] In a previous appearance before this Court, Walker appealed the denial of his motion for an out-of-time appeal. This Court vacated the trial court's order and remanded the case with directions to the trial court to enter an order dismissing the motion. See Case No. A22A1205 (Apr. 13, 2022).

lie from the denial of a motion to vacate a void sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Walker has failed to raise a colorable claim that his sentence is void. As the trial court correctly noted, OCGA § 16-6-22 (b) provides: "[a] person convicted of the offense of incest shall be punished by imprisonment for not less than ten nor more than 30 years; provided, however, that any person convicted of the offense of incest under this subsection with a child under the age of 14 years shall be punished by imprisonment for not less than 25 nor more than 50 years." Furthermore, Walker's claim that OCGA § 17-10-6.2 (b) creates a maximum sentence of ten years lacks merit. Accordingly, Walker's sentence of 30 years, to serve 15, is not void.

For these reasons, Walker has failed to raise a colorable void-sentence claim, and this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  12/29/2023*

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*