# Court of Appeals
# of the State of Georgia

ATLANTA,  May 13, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1367. NOEL ROBERTS v. THE STATE.**

A jury found Noel Roberts guilty of nine counts of armed robbery, five counts of kidnapping, and one count of theft of a motor vehicle. The trial court sentenced him as a recidivist to 6 consecutive terms of life in prison without parole plus 80 years to serve. His conviction and sentence were affirmed on appeal. See *Roberts v. State*, 257 Ga. App. 296 (570 SE2d 708) (2002). Almost twenty years later, Roberts filed a "Motion to Correct Void Sentence," arguing that a life sentence without parole for a recidivist armed robbery offender is no longer a punishment that society deems just and appropriate, and that the sentence constitutes cruel and unusual punishment under the U.S. and Georgia Constitutions. The trial court denied the motion, and Roberts filed this appeal.

Under OCGA § 17-10-1 (f), a trial court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, a trial court may modify a sentence only if it is void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only if it imposes punishment that the law does not allow. See *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). See *Jones*, 278 Ga. at 670. And a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time

period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Roberts argues that his sentence amounts to cruel and unusual punishment based on a 2018 trial court decision in an unrelated case in the same circuit. In that case, another defendant, also convicted of armed robbery as a recidivist and sentenced to life without parole, later filed an extraordinary motion for new trial, to which the State consented and which the court granted. The court then re-sentenced that defendant to a lesser, non-recidivist sentence after the State withdrew its notice of intent to seek recidivist punishment and the defendant entered a negotiated plea.

Roberts contends that this unrelated case created a precedent that is applicable to all similarly situated defendants in the circuit. However, he cites no authority supporting this claim. Moreover, that defendant was not similarly situated to Roberts because, among other reasons, he was not ultimately sentenced as a recidivist. And the Georgia Supreme Court has held that OCGA § 17-10-7 (b), the sentencing statute that applies to recidivist armed robbers, does not constitute cruel and unusual punishment under the federal or state constitution. See *Ortiz v. State*, 266 Ga. 752, 754 (2) (a) (470 SE2d 874) (1996). Thus, Roberts has not raised a colorable void sentence claim. We therefore lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__05/13/2024_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*