# Court of Appeals
# of the State of Georgia

ATLANTA,  June 14, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1553. DWIGHT B. FREEMAN v. THE STATE.**

A jury found Dwight Freeman guilty of burglary, aggravated assault, kidnapping, and attempted armed robbery. He was sentenced to terms of incarceration for each count, including a sentence of life in prison without parole for his kidnapping conviction. We affirmed his conviction and sentence on direct appeal. *Freeman v. State*, 244 Ga. App. 393 (535 SE2d 349) (2000).

In April 2024, Freeman filed a motion to vacate a void sentence, in which he primarily raised multiple challenges to the validity of his underlying convictions and subsequent appeal. He also argued that his trial counsel rendered ineffective assistance by failing to attempt to humanize him during the penalty phase of his trial and that the State did not request transcripts of plea hearings underlying prior convictions that were used to enhance his current sentence. The trial court dismissed the motion, and this appeal followed. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, that statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id.; see also *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions

to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). And a direct appeal does not lie from a trial court order rejecting a request to modify a sentence filed outside the statutory time period unless the defendant raises a colorable claim that the sentence is, in fact, void. See *Frazier*, 302 Ga. App. at 348.

Here, in neither of Freeman's challenges to his sentence does he claim that the sentence imposed for any of his convictions falls outside the statutory range of punishment for any the crimes of which he was convicted. See *von Thomas*, 293 Ga. at 572 (2). Freeman therefore has not raised a colorable void-sentence claim, as a result of which he is not entitled to an appeal here. See id; *Frazier*, 302 Ga. App. at 348-349.

To the extent that Freeman's motion to vacate a void sentence may be construed as a motion to vacate his judgment of conviction, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a petition or motion must be dismissed, see *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2). For the above reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  06/14/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Stephen E. Castlen
_____ , Clerk.