# Court of Appeals
# of the State of Georgia

ATLANTA,  August 28, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0154. JIMMY TEEMS v. THE STATE.**

In 2006, a jury found Jimmy Teems guilty of two counts of aggravated child molestation and one count each of child molestation and incest, and he was sentenced to 50 years in confinement. We affirmed his convictions and sentence on direct appeal. See Case No. A10A0496 (decided May 28, 2010). In April 2023, Teems filed a motion to reduce or modify his sentence, claiming that his convictions for aggravated molestation should be amended to sodomy and then merged. The trial court denied the motion, and this appeal followed. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, that statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id.; see also *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). A direct appeal does not lie from a trial court order rejecting a request to modify a sentence filed outside

the statutory time period unless the defendant raises a colorable claim that the sentence is, in fact, void. See *Frazier*, 302 Ga. App. at 348.

Here, Teems does not claim that his sentence is void. He instead challenges his convictions. Therefore, he has not raised a colorable void-sentence claim and is not entitled to an appeal. See *von Thomas*, 293 Ga. at 572 (2); *Frazier*, 302 Ga. App. at 348-349. Further, to the extent Teems's motion may be construed as a motion to vacate his judgment of conviction, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a petition or motion must be dismissed, see *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2).

For the above reasons, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,___08/28/2024_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.